Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 9392 | **DATE** | 7/9/2003 |
| **CASE TITLE** | Debra Jones vs. Risk Management Alternatives, Inc. | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   Enter Memorandum Opinion and Order: Plaintiff's motion for class certification (10-1) is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JUL 11 2003 | 14 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | | |
| | Copy to judge/magistrate judge. | | 7/9/2003 date mailed notice | |
| GL | courtroom deputy's initials | 03 JUL 10 AM 8:33 Date/time received in central Clerk's Office | GL mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DEBRA JONES, on behalf of herself and all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 02 C 9392 |
| RISK MANAGEMENT ALTERNATIVES, INC., a Delaware corporation, | ) ) ) ) |
| Defendant. | ) ) |

**DOCKETED**
**JUL 1 1 2003**

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Judge:

On December 26, 2002, the plaintiff, Debra Jones ("the plaintiff" or "Jones"), filed this putative class action against defendant Risk Management Alternatives, Inc. ("the defendant" or "RMA"), alleging that the defendant's form debt collection letters violate the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"). Presently before the Court is the plaintiff's motion for class certification pursuant to Federal Rule of Civil Procedure 23(a) and 23(b). For the reasons set forth herein, the Court grants the plaintiff's motion for class certification.

### I. BACKGROUND

The defendant corporation, a debt collector working on behalf of Citibank (South Dakota), N.A., attempted to collect a consumer debt the plaintiff allegedly owed Citibank. The plaintiff alleges she received two initial form collection letters from the defendant in April and May of 2002 offering to work out a settlement of her alleged debt.[1] On June 11, 2002, the defendant sent the plaintiff a letter making

---

[1] These letters are the first alleged contacts between the plaintiff and the defendant, but are not involved further in the current dispute; RMA does not challenge their existence.

14

a purported "one time settlement" offer to resolve her account for 75% of the balance then due, stating the offer was for a limited duration. In pertinent part, the letter stated:

> We have been authorized to offer you a one time settlement. In order to take advantage of this offer, send your check or money order in the enclosed envelope no later than the date listed below.
>
> You actually owe:         $6089.96
> Settlement Amount:        $4577.47
> Amount must be received by: 06-30-02
>
> If settlement amount is not received by the date indicated above, the offer will be null and void and the entire balance outstanding will be due.

The defendant then made a second virtually identical "one time settlement" offer to the plaintiff, via a letter dated July 16, 2002. This letter also made a limited time offer to settle the plaintiff's debt for 75% of the current balance due.

The plaintiff alleges the letters are false, deceptive, or misleading in violation of §1692(e) of the FDCPA, because the offers were neither "one time" offers nor offers of limited duration. The plaintiff claims the letters were not one time offers because, over a five-week period, she received two letters containing essentially identical settlement terms. The plaintiff contends the letters were not of limited duration because the defendant is "virtually always ready to settle debts for 75% of the balance or less." The plaintiff requests statutory damages as provided for under § 1692k of the FDCPA, costs, and attorney's fees. On April 25, 2003, the plaintiff moved for class certification.

## II. ANALYSIS

### A. Standard for Class Certification

The plaintiff seeks to represent a class of persons consisting of "all persons in Illinois from whom RMA attempted to collect a consumer debt, from December 26, 2001, to December 26, 2002, allegedly owed to Citibank, and as to which the consumer was sent more than one 'one time settlement'

letter similar to the letters the plaintiff received." One or more members of a class may sue or be sued as representative parties on behalf of the class only if (1) the class is so numerous that joinder of all members is impracticable (numerosity); (2) there are questions of law or fact common to the class (commonality); (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class (typicality); and (4) the representative parties will fairly and adequately protect the interests of the class (adequacy). *See* Fed. R. Civ. P. 23(a). If these four requirements are satisfied, we must also decide whether the class qualifies under one of the three subsections of Rule 23(b). *See Harriston v. Chicago Tribune Co.*, 992 F.2d 697, 703 (7th Cir. 1993) (citations omitted). In the instant case, the plaintiff seeks certification under Rule 23(b)(3), which authorizes class actions where the "questions of law or fact common to the members of the class predominate over any questions affecting individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3).

The plaintiff bears the burden of showing that the proposed class meets the requirements for certification. *See Retired Chicago Police Ass'n v. City of Chicago*, 7 F.3d 584, 596 (7th Cir.1993). In evaluating a motion for class certification, we must accept as true all allegations made in support of certification, *see Hardin v. Harshbarger*, 814 F. Supp. 703, 706 (N.D. Ill. 1993), and as a general matter, we do not examine the merits of the case. *See Retired Chicago Police Ass'n*, 7 F.3d at 598.[2]

---

[2]Although the "'boundary between a class determination and the merits may not always be easily discernible,'" *id.* at 599 (quoting *Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130*, 657 F.2d 890, 895 (7th Cir. 1981), *cert. denied*, 455 U.S. 1017, 102 S.Ct. 1710, 72 L.Ed.2d 134 (1982)), determining the propriety of class certification generally depends on factors "'enmeshed in the factual and legal issues comprising the plaintiff's cause of action,'" *Id.* at 598 (quoting *General Tel. Co. v. Falcon*, 457 U.S. 147, 160, 102 S.Ct. 2364, 2372, 72 L.Ed.2d 740 (1982) (citation omitted)). Accordingly, though the defendant states concerns on the merits of the plaintiff's claim, these are more appropriately addressed at trial. (*See* Def.'s Class Cert. Resp. at 3).

In the instant case, the defendant argues against certification on four grounds: (1) that the plaintiff fails to meet the commonality requirement; (2) that she does not meet the typicality requirement; (3) that she will not fairly and adequately represent the putative class due to antagonistic interests; and (4) that her class definition is too vague and thus members are unidentifiable.[3]

*1.Commonality*

Rule 23(a)(2) requires that there exist at least one question of law or fact common to the class. *See In re VMS Sec. Litig.*, 136 F.R.D. 466, 473 (N.D. Ill. 1991). Where a common question of law refers to standardized conduct by defendants toward members of the putative class, a common nucleus of operative fact is typically presented, and the commonality requirement is usually met. *See Allen v. City of Chicago*, 828 F. Supp. 543, 551 (N.D. Ill. 1993). "Not all factual or legal questions raised in a lawsuit need be common so long as a single issue is common to all class members." *Riordan v. Smith Barney*, 113 F.R.D. 60, 63 (N.D. Ill. 1986) (citing *Midwest Cmty. Council, Inc. v. Chicago Park Dist.*, 87 F.R.D. 457 (N.D. Ill. 1980)). Thus, class certification cannot be defeated merely because there are some factual variations among the members' grievances. *See Allen*, 828 F. Supp. at 551.

The defendant claims that the plaintiff's proposed definition does not put forth a common nucleus of operative fact fails.[4] RMA claims that because the plaintiff did not respond to either offer, the plaintiff's claim is not common to the class she proposes. The plaintiff's proposed class includes individuals to whom the defendant sent similar multiple form collection letters making one time

---

[3]The defendant does not dispute that numerosity is satisfied; in fact the plaintiff relies on the defendant's approximation of the class size at 1,500 persons. The defendant also does not challenge the sufficiency of the plaintiff's interest in the outcome of the case, the adequacy of her counsel, or that a class action is superior to individual actions. .

[4]The defendant only challenges Rule 23(b)(3) inasmuch as it challenges that commonality is not satisfied. However, if commonality is satisfied, RMA does not dispute that a class action is superior to other methods for fair and efficient adjudication of this case.

4

settlement offers. The relevant common nucleus of operative fact is whether individuals were subjected to the defendant's standardized practice of sending multiple limited time settlement offers to the same individuals, see *Gammon v. GC Services Ltd. Partnership*, 162 F.R.D. 313, 317 n.4 (N.D. Ill. 1995); *see also Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992), not their acceptance or rejection of the offer. *See Patrykus v. Gomilla*, 121 F.R.D. 357, 361 (N.D. Ill. 1988); *see also Franklin v. City of Chicago*, 102 F.R.D. 944, 949 (N.D. Ill. 1984).[5] We therefore find that the proposed class satisfies the commonality prerequisite.

### 2. Typicality

Rule 23(a)(3) requires that the claims of the named representatives be typical of the claims or defenses of the class. *See* Fed. R. Civ. P. 23(a)(3). When evaluating typicality, we focus on whether the named representative's claims have the same essential characteristics as the claims of the class. *See Allen*, 828 F. Supp. at 553. A plaintiff's claim is typical if it arises from the same event, practice, or course of conduct that gives rise to other class members' claims and all claims are based on the same legal theory. *See De La Fuente v. Stokely-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983); *see also Allen*, 828 F. Supp. at 553. Typicality might not be met, however, if the named plaintiff is subject to a unique defense that will distract the plaintiff and cause class representation to suffer. *See Hardy v. City Optical, Inc.*, 39 F.3d 765, 770 (7th Cir. 1994); *see also J.H. Cohn & Co. v. Am. Appraisal Assocs.*, 628 F.2d 994, 999 (7th Cir. 1980). This requirement, however, is not particularly strict; it may be met even if there are factual distinctions between the claims of the named plaintiffs and those of other class

---

[5]The defendant mentions that the plaintiff would recover only statutory damages, as she accepted neither settlement offer. (Def.'s Class Cert. Resp. at 3). Aside from drawing the conclusion that the plaintiff incurred no actual injury from the defendant's conduct, RMA fails to enunciate why this would be problematic to satisfying commonality; therefore this Court declines to examine this issue further.

members. *See De La Fuente*, 713 F.2d at 232. Furthermore, similarity of legal theory may control even in the face of differences of fact. *See id.*

The plaintiff is clearly seeking relief under the same legal theories for both herself and her proposed class. All potential class members' claims will be based upon plaintiff's contention that the defendant violated §1692(e) of the FDCPA by making false and misleading statements in form collection letters. The plaintiff's claim also arises from the same conduct that would give rise to the claims of other proposed class members: that the defendant made false and misleading statements in form debt collection letters by sending multiple "one time offers" to the same individuals.

The defendant contends, however, that the plaintiff's claim is atypical because it is adverse to any putative class members who "got a good deal" by responding to a settlement offer.[6] The defendant further argues that the plaintiff's lack of response to either settlement offer differentiates her from class members who did. Unfortunately for the defendant, however, the proposed class members' acceptance or rejection of the offers is irrelevant. Rather, the class definition proposed by the plaintiff concerns the allegedly false and misleading nature of the defendant's collection letters. *See Pleasant v. Risk Mgmt. Alternatives, Inc.*, 2003 WL 164227 (N.D. Ill. 2003) (holding that a letter allegedly making a "one-time" settlement offer would be false and misleading if the settlement offer was not actually a one-time offer). If these statements are indeed found to be false and misleading in violation of the FDCPA, we must focus on the misconduct, not whether the debt is valid or whether the consumer has paid an invalid debt. *See Keele v. Wexler*, 149 F.3d 589, 594 (7th Cir. 1998). Thus, it is the defendant's allegedly misleading statements in form collection letters, and not the plaintiff's response to these letters that comprise the

---

[6]Although the plaintiff's claim would likely yield only statutory damages, the plaintiff points out that any putative class members who feel that they have suffered actual injury by having responded to any of RMA's offers are free to opt out of the class and pursue action as an individual.

essential characteristics of her claim. *See Keele*, 149 F.3d at 594; *see also De La Fuente*, 713 F.2d at 232. We therefore find that the plaintiff's proposed class definition fulfills the typicality requirements of Rule 23(a)(3).[7]

### 3. Adequacy

Federal Rule of Civil Procedure 23(a)(4) requires that the named plaintiff be able to "fairly and adequately protect the interests of the class," and entails a two-fold inquiry. *See Allen*, 828 F. Supp. at 553. First, the court must be satisfied that the named plaintiff's counsel is qualified to sufficiently pursue the putative class action. *Id.* Second, the members of the advanced class may not have antagonistic or conflicting interests. *Id.* While the defendant does not dispute the competency of the plaintiff's counsel or the sufficiency of her interest in this case's outcome, RMA disputes her adequacy as a representative of the class by asserting that she has interests antagonistic to the class. Specifically, RMA argues that the plaintiff's FDCPA claims are adverse to the interests of any individuals who responded to the defendant's one time settlement offers and were content with the outcome of such transactions. We find this unconvincing, both because the defendant provides no evidence to substantiate this argument and because such criteria are irrelevant to the proposed class.

---

[7]As discussed earlier, the defendant mentions that the plaintiff at most suffered statutory damages because she did not respond to either offer while other class members did, but does not explain why this might be problematic. *See supra* note 4. Regardless, the plaintiff's claim is not atypical merely because her injuries are quantitatively different from those of other class members. *See De La Fuente*, 713 F.2d at 232-33 (refusing to require that each class member suffer precisely the same injury as the named class representatives, because all members of the class were subject to the same allegedly unlawful practices); *see also United Nat'l Records, Inc. v. MCA, Inc.*, 99 F.R.D. 178, 181 (N.D. Ill. 1983) (finding typicality in an antitrust case even though the named plaintiffs' damages might differ quantitatively from those of other class members); *Rosario*, 963 F.2d at 1017 (certifying a class even though some class members may have suffered no damages at all). If and when this litigation reaches the stage of calculating damages, it may be impossible for the plaintiffs to continue proceeding as a class, but for liability purposes the plaintiff's claims clearly "have the same essential characteristics as the claims of the class at large." *Retired Chicago Police Ass'n*, 7 F.3d at 597 (quoting *De La Fuente*, 713 F.2d at 232).

If RMA's form collection letters are found to be false, deceptive or misleading in violation of §1692(e) of the FDCPA, each member's rights were violated, regardless of whether potential class members responded to the offers. *See* discussion *infra* Part II.A.2. Thus, the plaintiff's interests and claim are neither adverse nor antagonistic to other class members, because acceptance or rejection of the offers is irrelevant to qualification for the proposed class. Furthermore, individuals who would rather pursue an individualized claim because they accepted the defendant's offers are free to opt out of the class. Accordingly, there are no apparent antagonistic or adverse interests between the plaintiff and proposed class members. The plaintiff is therefore an adequate representative of the class she seeks to certify.

*4. Class Definition*

Finally, the defendant contends that the plaintiff has not defined an identifiable class, an implicit requirement of Rule 23(a). *See Alliance to End Repression v. Rochford*, 565 F.2d 975, 977 (7th Cir. 1977); *see also Gomez v. Illinois State Bd. of Educ.*, 117 F.R.D. 394, 397 (N.D. Ill. 1987). An identifiable class exists if its members can be ascertained by reference to objective criteria and the defendants' conduct. *See Rochford*, 565 F.2d at 978; *see also Buycks-Roberson v. Citibank Fed. Sav. Bank*, 162 F.R.D. 322, 328 (N.D. Ill. 1995).

RMA argues that the class defined by the plaintiff is vague and overbroad because it refers to letters that are merely "similar."[8] We hold that the class is not indefinite or overbroad. First, this class

---

[8]The defendant also contends that the definition "inaccurately characterizes the letters [] as duplicate 'one time settlement' offers when in fact they are two distinct offers." The plaintiff responds by alleging that both settlement offers were equivalent to 75% of the balance the plaintiff allegedly owed at each point in time. This Court declines to form an opinion as to the truth of either contention, as that would entail an evaluation of the merits of the case. *See Rohlfing v. Manor Care, Inc.*, 172 F.R.D. 330, 335 (N.D. Ill. 1997).

8

can be ascertained objectively.[9] Second, the class can be identified by referring to the defendant's misconduct, specifically RMA's practice of sending a given individual multiple settlement offers under similar terms, each claiming to be a "one time settlement" offer. Therefore, the proposed definition is sufficiently specific to comprise individuals exposed to the relevant alleged misconduct.[10]

### III. CONCLUSION

Having found that Plaintiff Jones's proposed class definition satisfies the prerequisites of Rules 23(a) and 23(b)(3), we grant the plaintiff's motion for class certification. It is so ordered.

MARVIN E. ASPEN
United States District Judge

Dated 7/9/03

---

[9]Whether an individual received more than one "one time settlement" offer from RMA is the objectively determinable criterion on which the plaintiff's claim is based.

[10]As discussed earlier, the defendant provided the plaintiff with a figure of approximately 1,500 individuals fitting the proposed definition, further weakening RMA's contention that the definition is too vague to identify class members.

9